**ORIGINAL**



**U.S. Department of Justice**

Antitrust Division

*New York Office*

*201 Varick Street*  
*Room 1006*  
*New York, New York 10014*

*212/264-0391*

*FAX 212/264-7453*

2/20/2025

25 CRIM 117

**BY EMAIL**  
Marlon Kirton, Esq.  
The Kirton Law Firm  
175 Fulton Street, Suite 305  
Hempstead, NY 11550

Re:   Clark & Garner, LLC

Dear Mr. Kirton:

On the understandings specified below, the United States Department of Justice's Antitrust Division ("this Office") will accept a guilty plea from Clark & Garner, LLC ("the defendant") to the criminal charge contained in the attached Information. The one-count Information charges the defendant with bid rigging, in violation of Title 15, United States Code, Section 1, and carries a maximum fine (pursuant to Title 15, United States Code, Section 1 and Title 18, United States Code, Section 3571) of the greatest of the following amounts: (1) twice the gross pecuniary gain derived from the offense, (2) twice the gross pecuniary loss to persons other than the defendant resulting from the offense, or (3) $100 million. Pursuant to Title 18, United States Code, Sections 3551(c)(1) and 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years. The defendant is subject to a $400 mandatory special assessment. The Court also may order the defendant to pay restitution to the victim of the offense.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office for rigging bids on sales of consulting services to the New York City Department of Education ("DOE") between approximately November 2020 and January 2023 as charged in the attached Information, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* This Paragraph does not apply to civil matters of any kind, violations of securities laws, tax laws, or crimes of violence.

The United States enters into this Plea Agreement based on the individual facts and circumstances of this case. Among the facts considered were: the nature and seriousness of the offense, which included a conspiracy to rig bids for business consulting service contracts to NYC DOE; the complicity of the defendant's sole owner, a former NYC DOE employee; the deterrent effect of prosecution; and that the victims are public schools.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

### A. Offense Level and Base Fine

a. The November 1, 2024 version of the Guidelines apply in this case.

b. The applicable Guidelines provision is U.S.S.G. § 2R1.1.

c. Pursuant to U.S.S.G. § 2R1.1(a), the base offense level is 12.

d. Pursuant to U.S.S.G. § 2R1.1(b)(1), one level is added because the conduct involved participation in an agreement to submit non-competitive bids.

e. Accordingly, the total offense level is 13.

f. The base fine is the greatest of: $100,000, based on an offense level of 13 (U.S.S.G. §§ 8C2.4(a)(1) and 8C2.4(d)); or 20% of the largest contract on which the organization submitted a complementary bid in connection with the bid-rigging conspiracy (U.S.S.G. §§ 8C2.4(a)(3) and 2R1.1(d)). The largest contract on which the organization submitted a complementary bid in connection with the bid-rigging conspiracy is $25,500. Accordingly, the base fine is $100,000.

### B. Culpability Score and Fine Range

a. Pursuant to U.S.S.G. § 8C2.5(a), the total culpability score starts with 5 points.

b. Pursuant to U.S.S.G. § 8C2.5 (g)(3), 1 point is subtracted because the organization clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.

c. Accordingly, the culpability score is 4.

d. Pursuant to U.S.S.G. §§ 8C2.6, with a culpability score of 4, the fine multiplier is .8 to 1.6.

e. Pursuant to U.S.S.G. § 8C2.7, the Guidelines fine range is $80,000 to $160,000.

f. Pursuant to U.S.S.G. § 8C2.2, this Office has made a preliminary determination that the defendant will have an inability to pay a fine within the Guidelines fine range without substantially jeopardizing its continued viability.

C. Sentencing Range  ML  MIC

Based upon the calculations set forth above, the defendant's stipulated Guidelines fine range is $80,000 to $160,00 (the "Stipulated Guidelines Range").

Under Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant, this Office agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence of a criminal fine as recommended by the United States Probation Office that is within the defendant's ability to pay based on the assigned Probation officer's review of its financial records (the "Recommended Fine").

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute.

It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the above Stipulated Guidelines Range, and (ii) that this Office will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that to which the parties have stipulated herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $400. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal,

collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that this Office has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that this Office has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Page 5

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

SEAN FARRELL
Chief, New York Office
Antitrust Division

By: *Maia Lichtenstein*

Maia Lichtenstein
Helen Christodoulou
Kathryn Carpenter
Trial Attorneys
United States Department of Justice
Antitrust Division, New York Office

AGREED AND CONSENTED TO:

*Donald Garner (Feb 24, 2025 18:11 EST)*

Donald Clark Garner II
Owner, Clark & Garner, LLC

2/24/2025
DATE

APPROVED:

*Marlon Kirton*

Marlon Kirton, Esq.
Attorney for Clark & Garner, LLC

2/24/2025
DATE